```
JOSEPH P. BUSCH, SBN 70340
jbusch@apjuris.com
CHRISTOPHER L. PITET, SBN 196861
cpitet@apjuris.com
ADKISSON PITET LLP
100 Bayview Circle, Suite 210
Newport Beach, California 92660
Telephone: (949) 502-7755
Facsimile: (949) 502-7762

Attorneys for Plaintiff
JEAN-FRANCOIS JOMPHE
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JEAN-FRANCOIS JOMPHE, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation; MARIO LABAULT, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1)　BATTERY; AND**<br>**(2)　INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br><br>**DEMAND FOR JURY TRIAL** |

Adkisson Pitet LLP

Plaintiff Jean-Francois Jomphe alleges as follows:

## I.

## INTRODUCTION

1. There have been many news reports lately about passengers behaving badly on commercial airline flights. The seeming rise in these cases is unquestionably regrettable. This case, however, arises from conduct on commercial flights that often does not make the news – extreme and outrageous conduct ***by out-of-control flight attendants***.

2. On the morning of July 22, 2021, Plaintiff Jean-Francois Jomphe ("Jomphe"), a former professional ice hockey player with the Anaheim Ducks, was the victim of an unprovoked battery by Defendant Mario Labault, one of Defendant American Airlines, Inc.'s ("AA") flight attendants. And to make matters worse, following the battery, the flight attendant caused Jomphe to be removed from the flight by presumably making a false report to the flight's captain about Jomphe (likely some fabricated claim that he was being "disruptive").

3. By this Complaint, Jomphe seeks to recover the damages that he has suffered as a result of the unprovoked battery. He also seeks to recover damages from the embarrassment and extreme inconvenience that resulted from his removal from the flight without justification. Finally, Jomphe seeks an award of punitive damages to punish Defendants for their conduct and deter them from engaging in similar conduct in the future.

///
///
///

Adkisson Pitet LLP

## II.

## THE PARTIES

4. Plaintiff Jomphe is, and at all times material to this action was, a citizen of the State of California residing in Ladera Ranch, Orange County, California.

5. Plaintiff Jomphe is informed and believes, and based thereon alleges, that Defendant AA is, and at all times material to this action was, a Delaware corporation with its principal place of business in Forth Worth, Texas.

6. Plaintiff Jomphe is informed and believes, and based thereon alleges, that Defendant Labault is a citizen of Maryland residing in Upper Marlboro, Maryland.

## III.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a), in that the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue lies in the Central District of California under 28 U.S.C. § 1391(b)(3), in that venue does not exist under any other recognized grounds (e.g, defendant's residence) and AA is subject to the Court's personal jurisdiction.

## IV.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A. The Parties**

9. Jomphe is a former professional ice hockey player for the Anaheim Ducks and other teams in the National Hockey League. Today, he is an established businessman and was in the course of

Adkisson Pitet LLP

3

traveling for business on the day when the events at issue in this action occurred.

10. AA's primary business activity is the operation of a major network carrier, providing scheduled air transportation for passengers and cargo. As of December 31, 2020, AA operated 855 mainline aircraft supported by its regional airline subsidiaries and third-party regional carriers, which operated an additional 544 regional aircraft.

11. Jomphe is informed and believes, and based thereon alleges, that Labault is an AA flight attendant and was acting within the course and scope of his duties as an AA flight attendant when the conduct at issue in this action occurred.

**B.   The Unprovoked Battery**

12. On July 22, 2021, at approximately 6:15 a.m., Jomphe was a passenger on AA flight 2005, which was a regularly scheduled flight from Kansas City, Missouri to Phoenix, Arizona. Jomphe was flying to Phoenix because that is the location of his company's corporate headquarters.

13. Prior to departure, Jomphe was in his assigned seat and, due to recent leg surgery, was resting his foot on the bulkhead wall. All of a sudden, and without provocation, flight attendant Labault hit Jomphe very hard on his left shoulder, telling him to remove his foot from the bulkhead wall. Despite the fact that he had been flying with AA for business on a weekly basis and had frequently rested his leg on the bulkhead wall (he typically books the same seat) without incident, Jomphe immediately complied with Labault's demand.

14. After he removed his foot from the bulkhead wall, Jomphe asked Labault why he was being asked to remove his foot from the wall. Jomphe explained that he had flown with AA 66 times in the past year and had never had problems with resting his feet on the bulkhead wall. Jomphe also explained that he had recently had leg surgery and needed to rest his foot on the wall to avoid blood clots and discomfort. In response to Jomphe's simple question, Labault responded rudely, "because I said so." Labault then walked away.

**C.  AA Removes Jomphe From the Flight**

15. About five minutes later, AA employee Juan Carlos Rivera ("Rivera") approached Jomphe at his seat and asked Jomphe to come speak with him outside of the plane. Jomphe immediately complied with the request and exited the plane with Rivera.

16. After Rivera and Jomphe exited the plane, Rivera advised Jomphe that he was being removed from the flight. When Jomphe asked why he was being removed from the flight, Rivera initially told him that the captain of the flight and Labault did not want him on the plane. Rivera then stated that Jomphe was being removed from the flight because "he did not respect Federal Aviation Administration rules."

17. Jomphe tried to explain to Rivera that he could not understand why he was being removed from the flight as he had done nothing wrong. He also explained that if he were to be removed from the flight, his company's business would be severely disrupted given his work schedule that day. Unfortunately, Jomphe's explanation was not successful. It was abundantly clear that Labault had provided false information to the flight's captain, who

then made the decision to have Jomphe removed from the flight. That decision was final, and there was no changing it.

**D.   The Resulting Disruption to Jomphe's Business**

18.   After being removed from the flight, AA booked Jomphe on a flight from Kansas City to Dallas, Texas, and then from Dallas to Orange County, California.  Although Jomphe needed to be in Phoenix that day, AA apparently had no other suitable flights to Phoenix.

19.   As a result of being removed from his flight from Kansas City to Phoenix and having to fly to Orange County instead, Jomphe missed all of his scheduled business meetings for the day, which caused serious disruption to his company's business.

20.   As a result of the unprovoked battery and unwarranted removal from AA flight 2005, Jomphe has suffered damages in the form of physical pain to his left shoulder, extreme embarrassment and emotional distress and substantial damage to his company's business, all of which he seeks to recover from Defendants.

**V.**

**FIRST CLAIM FOR BATTERY**

**(Against All Defendants)**

21.   Jomphe refers to and incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.   On July 22, 2021, at approximately 6:15 a.m., Jomphe was a passenger on AA flight 2005, which was a regularly scheduled flight from Kansas City, Missouri to Phoenix, Arizona.  Jomphe was flying to Phoenix because that is the location of his company's corporate headquarters.

///

Adkisson Pitet LLP

23. Prior to departure, Jomphe was in his assigned seat and, due to recent leg surgery, was resting is foot on the bulkhead wall. All of a sudden, and without provocation, flight attendant Labault hit Jomphe very hard on his left shoulder, telling him to remove his foot from the bulkhead wall. Despite the fact that he had been flying with AA for business on a weekly basis and had frequently rested his leg on the bulkhead wall (he typically books the same seat) without incident, Jomphe immediately complied with Labault's demand.

24. Defendant Labault intended to cause and did cause a harmful contact with Plaintiff's person.

25. Plaintiff did not consent to Labault's act.

26. At the time of the unlawful contact, Labault was acting in the course and scope of his duties as a flight attendant for Defendant AA. Therefore, AA is liable for Labault's conduct.

27. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $100,000.

28. In committing the acts described in this Complaint, Defendants were guilty of oppression, fraud or malice. As a result, Plaintiff is entitled to an award of exemplary or punitive damages.

///
///
///
///
///
///

Adkisson Pitet LLP

7

# VI.

## SECOND CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

29. Jomphe refers to and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Defendants' battery of Plaintiff and subsequent removal from AA flight 2005 was intentional, outrageous, malicious and done with ill will and with the intent of causing Plaintiff to suffer humiliating mental anguish, and emotional and physical distress.

31. Defendants' conduct was so severe and outrageous that as a proximate result Plaintiff suffered humiliation, mental anguish and emotional and physical distress.

32. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $100,000.

33. In committing the acts described in this Complaint, Defendants were guilty of oppression, fraud or malice. As a result, Plaintiff is entitled to an award of exemplary or punitive damages.

## PRAYER FOR RELIEF

Wherefore, Jomphe prays for judgment as follows:

1. For compensatory damages an amount to be proven at trial, but in no event less than $100,000;

2. For exemplary damages, according to proof;

3. For his costs of suit incurred herein, including his actual attorneys' fees;

Adkisson Pitet LLP

4. For prejudgment and post judgment interest at the legal rate on all sums awarded; and

5. For such other and further legal, equitable or other relief as this Court may deem just and proper.

```
Dated:  September 7, 2021        JOSEPH P. BUSCH III
                                 CHRISTOPHER L. PITET
                                 ADKISSON PITET LLP


                                 By:   /s/ Christopher L. Pitet
                                         Christopher L. Pitet

                                 Attorneys for Plaintiff
                                 JEAN-FRANCOIS JOMPHE
```

Adkisson Pitet LLP

**DEMAND FOR JURY TRIAL**

Plaintiff Jean-Francois Jomphe hereby demands a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 7, 2021

JOSEPH P. BUSCH III
CHRISTOPHER L. PITET
ADKISSON PITET LLP

By: */s/ Christopher L. Pitet*
    Christopher L. Pitet

Attorneys for Plaintiff
JEAN-FRANCOIS JOMPHE